# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. SCHREIBER, individually and as Trustee of the Schreiber Living Trust, a California trust,<br><br>Plaintiff,<br>v.<br>REDHAWK HOLDINGS CORP., a Nevada corporation formerly known as Independence Energy Corp., et al.,<br><br>Defendants. | CASE NO. 17cv824-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the request for a preliminary injunction filed by Plaintiff (ECF No. 16) and the motion to dismiss filed by Defendants (ECF No. 19).

## I. BACKGROUND

On April 24, 2017, Plaintiff Daniel J. Schreiber initiated this action by filing the Complaint against Defendants RedHawk Holdings Corp. ("RedHawk"); Thomas J. Concannon; G. Darcy Klug; Felix C. Spizale; Phillip Harris IV; Andre F. Toce, Sr.; Robert Rhune, Jr.; and Kav Hundle. (ECF No. 1). The Complaint alleges causes of action for (1) violation of UCC § 8-401 and equivalent state law; (2) breach of fiduciary duty; (3) negligence; and (4) unfair business practices. *Id.* Plaintiff brings this action based on diversity jurisdiction and alleges, "This Court has jurisdiction and venue over Defendants pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in the Southern District of California and a substantial part of the events giving rise to Plaintiff's claims

against Defendants occurred or were intended to cause damage to Plaintiff in the Southern District of California." *Id.* at ¶ 6.

On June 22, 2017, Plaintiff filed the Ex Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction. (ECF No. 16). On June 22, 2017, Defendants filed a preliminary opposition to the Ex Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction. (ECF No. 17). On June 23, 2017, the Court issued an Order denying the request for a temporary restraining order and setting a hearing on the request for a preliminary injunction. (ECF No. 18). On July 17, 2017, Defendants filed a response in opposition to the request for a preliminary injunction (ECF No. 20) and Evidentiary Objections to the Declaration of Daniel J. Schreiber (ECF No. 21). On July 24, 2017, Plaintiff filed a reply. (ECF No. 22).

On July 7, 2017, Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. (ECF No. 19). On July 31, 2017, Plaintiff filed a response in opposition. (ECF No. 23). On August 7, 2017, Defendants filed a reply. (ECF No. 25).

On August 3, 2017, the Court heard oral argument on the request for a preliminary injunction.

On August 17, 2017, Defendants filed a Notice of Ruling in Related Case. (ECF No. 31). The "related case" is a federal case filed in the Eastern District of Louisiana. In the Louisiana action, filed on January 31, 2017, RedHawk and Beechwood Properties, LLC bring causes of action for securities fraud, fraud under state law, breach of contract, unjust enrichment, and breach of fiduciary duties against Daniel J. Schreiber and Daniel J. Schreiber, Trustee of the Schreiber Living Trust. *RedHawk Holdings Corp. v. Schreiber*, No. 17cv819 (E.D. La.); *see also* ECF No. 20-2 at 1-32. RedHawk shares owned by Schreiber are at issue in this case and in the Louisiana action. Plaintiffs in the Louisiana action, including RedHawk, seek a judgment awarding them in part "all 57,064,608 shares of RedHawk Holdings Corp. owned or

acquired . . . by either Defendant" and "all proceeds from any sales of such shares Defendants no longer own." (ECF No. 20-2 at 30). On August 16, 2017, the District Judge in the Louisiana case denied Schreiber's motion to dismiss for improper venue, or in the alternative, motion to transfer to the Southern District of California. (ECF No. 31).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff is "a former Director and Chief Executive Officer of RedHawk, a publicly traded company" and Trustee of the Schreiber Living Trust (the "Trust"). (ECF No. 1 at ¶ 1). The Trust is the owner of common shares in RedHawk. *Id.* Plaintiff resides in San Diego, California. *Id.* at ¶ 7. "Since on or around September 28, 2016, RedHawk, by and through its officers and Board of Directors, has sought to obstruct the Trust's sale of its shares in RedHawk." *Id.* at ¶ 2. "[T]hese efforts included an unfounded demand to RedHawk's transfer agent to prohibit sales of Plaintiff's stock, delays in filing required SEC forms and, more recently, the termination of RedHawk's transfer agent." *Id.*

"Schreiber was appointed as a Director to RedHawk's Board of Directors on March 31, 2014. Schreiber was also the CEO of RedHawk from February 27, 2015." *Id.* at ¶ 18. "In a sale and purchase transaction dated March 31, 2014, the Trust was issued 57,064,608 shares of restricted RedHawk stock." *Id.* at ¶ 19. "Schreiber was removed from the Board of Directors on April 20, 2016, and resigned as CEO on July 5, 2016." *Id.* at ¶ 20. Plaintiff then "began selling the Trust's restricted shares of RedHawk." *Id.* at ¶ 23.

"[T]he Trust sought to sell its restricted stock to the public under the registration exemption provisions of the Security and Exchange Commission ('SEC') Rule 144[.]" *Id.* at ¶ 24. "The general conditions of Rule 144 . . . limit Plaintiff to selling one percent (1%) of the total outstanding RedHawk shares every 90 days, which as of December 31, 2016, totaled 361,049,027 shares; i.e. Plaintiff can sell approximately 3.6 million shares every 90 days." *Id.* "Between September 2016 and January 19, 2017, Plaintiff sold

3,120,000 shares of RedHawk pursuant to the Rule 144 requirements. . . . Due to RedHawk missing multiple SEC filing requirements, Plaintiff's subsequent sales were delayed and the Trust has been damaged." *Id.* at ¶ 25.

"On or about January 25, 2017, Plaintiff requested that RedHawk's transfer agent, Continental Stock Transfer & Trust Company ('Continental'), remove the restrictive legend on an additional 1,500,000 of the Trust's shares." *Id.* at ¶ 26. "On January 31, 2017, the CFO of RedHawk, Klug, sent a letter requesting that Continental 'not permit or otherwise facilitate the transfer' of RedHawk shares." *Id.* at ¶ 27. "[O]n February 15, 2017, Continental notified Plaintiff's counsel that Continental had received the issuer's written consent to proceed with the requested sale transfer of 1,500,000." *Id.* at ¶ 31. "Because the Rule 144 opinion letter extended only until February 15, 2017, however, the transfer could not be completed by that same day and Continental requested a subsequent letter be issued." *Id.* at ¶ 32. "In order for Plaintiff to receive an updated Rule 144 opinion letter then, he needed to wait until RedHawk filed its Form 10-Q." *Id.* at ¶ 33. "RedHawk did not file its updated 10-Q, however, until March 13, 2017, nearly a month late." *Id.* at ¶ 35.

"After RedHawk's intentional delays, when Plaintiff was finally able to again request that the restrictive legend on the Trust's shares be removed in March 2017, RedHawk *again* delayed Plaintiff's sale by secretly terminating its relationship with its transfer agent." *Id.* at ¶ 36. "On April 6, 2017, Continental informed Plaintiff's broker it was 'not currently servicing' RedHawk as a transfer agent as its services had been "suspended" by RedHawk." *Id.* at ¶ 37. "RedHawk did not notify the public that it was now operating without a transfer agent." *Id.* at ¶ 39.

"To-date, Plaintiff has been unable to transfer the Trust's shares in RedHawk and has been damaged as a result." *Id.* at ¶ 43. "Defendants' actions have prohibited Plaintiff from selling his 3.6 million shares every 90 days since September 2016." *Id.* "[*A*]*t a minimum*, Defendants' actions have caused Plaintiff to miss sales of at least 7.2 million shares . . . . [and] have caused Plaintiff to lose sales between $72,000 and

$144,000. Further, Defendants' actions have devalued all of Plaintiff's outstanding 53,944,608 shares by delaying or preventing their future sale . . . ." *Id.*

Plaintiff's first cause of action against RedHawk for a violation of UCC § 8-401 alleges that RedHawk has "intentionally failed to comply with its duty to register the Trust's requested transfer" and is liable under the UCC. *Id.* at ¶ 53. The second and third causes of action allege that all Defendants violated their fiduciary duties and duty of reasonable care to Plaintiff "by not only failing to transfer the Trust's shares but by actively taking steps to prevent the transfer, including correspondence to RedHawk's former transfer agent, failing to file the 10-Q, the termination of its transfer agent, and the refusal to hire a new transfer agent in a timely fashion." *Id.* at ¶¶ 57, 61. The fourth cause of action against all Defendants for unfair business practices alleges that Defendants took actions "intentionally and knowingly done in order to prevent Plaintiff from selling the Trust's shares of RedHawk, including correspondence to RedHawk's former transfer agent, and the refusal to hire a new transfer agent in a timely fashion. *Id.* at ¶ 65.

### III. MOTION TO DISMISS (ECF No. 19)

#### *A. Contentions of the Parties*

Defendants contend that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 19-1 at 12). Defendants contend that they are non-residents without the continuous and systematic contacts with California necessary to support general jurisdiction. *Id.* at 13. Defendants contend that the Court lacks specific personal jurisdiction over Defendants because Defendants do not purposefully avail themselves of the privilege of doing business in California, Plaintiff's claims do not arise or result from any forum-related activities, and the exercise of personal jurisdiction would be unreasonable. *Id.* at 15-16. Defendants further contend that the Court should dismiss the Complaint as to all Defendants for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Id.* at 16. Defendants contend that "the Complaint alleges no facts to establish that any acts

occurred in this District . . . . Defendants do not do business in California, and have not engaged in any activities in California, much less in this District." *Id.* at 17. Finally, Defendants contend that the Complaint should be dismissed against all individual Defendants for failure to state a claim because the law prohibits direct actions by shareholders against directors on a theory that their alleged wrongdoing decreased the value of his stock. *Id.* at 18.

Plaintiff contends that the following contacts with California permit this Court to exercise general personal jurisdiction over Defendant RedHawk: (1) Defendant RedHawk was headquartered in California prior to November 2014 when Plaintiff began his business dealings with RedHawk and Plaintiff received his RedHawk shares; (2) Plaintiff was CEO of RedHawk and conducted his business from San Diego, California; (3) RedHawk entered into a contractual agreement with a company headquartered in La Jolla, California; and (4) RedHawk maintains its corporate counsel in Los Angeles. (ECF No. 23 at 13-14). Further, Plaintiff contends that specific personal jurisdiction is proper because RedHawk has purposefully directed its actions at California through its actions to prevent Plaintiff, a California resident, from selling his RedHawk shares. *Id.* at 14-20. Plaintiff contends that personal jurisdiction over the individual Defendants is proper because the individual Defendants have sufficient contacts with this forum and are not protected by any jurisdictional corporate shield. *Id.* at 20-25. Plaintiff contends that venue is proper in the Southern District of California because Defendants have purposefully directed conduct at San Diego in order to prevent Schreiber from selling his shares, RedHawk was headquartered in California during the initial transaction of shares, and Schreiber acted as CEO of RedHawk out of San Diego. *Id.* at 27. Further, Plaintiff contends that the Complaint properly states a claim against the individual Defendants because his lawsuit is a direct lawsuit rather than a derivative lawsuit. *Id.*

### B. Improper Venue Under Rule 12(b)(3)

While the question of personal jurisdiction is generally decided in advance of

venue, the Supreme Court has held that "when there is a sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has . . . personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."). Based on the specific facts of this case, the Court initially turns to Defendants' motion to dismiss for improper venue.

A defendant may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Id.* Once venue has been challenged pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). On a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "pleadings need not be accepted as true, and facts outside the pleadings properly may be considered." *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)).

Pursuant to 28 U.S.C. § 1391(b), venue in a civil case may be proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"[1]; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

---

[1] "For all venue purposes . . . a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled . . . [and] an entity . . . shall be deemed to reside . . . in any judicial district in which such a defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c).

subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because "Plaintiff resides in the Southern District of California and a substantial part of the events giving rise to Plaintiff's claims against Defendants occurred or were intended to cause damage to Plaintiff in the Southern District of California."[2] (ECF No. 1 at ¶ 6 ). Plaintiff filed a declaration stating that he was living in San Diego when he received his RedHawk shares and when he was Director and CEO of RedHawk.[3] (ECF No. 23-1 at 2). However, Plaintiff's claims arise from alleged actions taken by Defendants to prevent Plaintiff from selling his shares beginning in September 2016. Specifically, Plaintiff alleges that the transfer of shares could not take place because Defendant Klug's correspondence to Continental on January 31, 2017 delayed the Trust's transfer of shares in January and February 2017. Plaintiff alleges that Klug and RedHawk thereafter intentionally filed their Form 10-Q late, preventing Plaintiff from receiving an updated Rule 144 opinion letter. Plaintiff alleges that RedHawk terminated Continental as its transfer agent in April 2017 and left Plaintiff without a transfer agent to complete the transfer of stock. (ECF No. 1 at ¶¶ 52, 57, 61, 65). The allegations of the Complaint and declarations submitted by the parties do not indicate that any of the Defendants, including Defendants Klug and RedHawk, took the actions alleged while in this District. The Complaint alleges that RedHawk is

---

[2] Plaintiff does not contend that the other subsections of § 1391(b) provide grounds for venue in this District. Further, based on the record before the Court, the Court cannot conclude venue is proper based on § 1391(b)(1) because the complaint indicates that the defendants are not all residents of California. Finally, Plaintiff has not alleged any facts or provided any evidence to demonstrate that "there is no district in which [this] action may otherwise be brought[.]" 28 U.S.C. § 1391(b)(3).

[3] Plaintiff's declaration further states that he was removed from the Board of Directors on April 20, 2016 and resigned as CEO on July 5, 2016. (ECF No. 23-1 at 3).

a "Nevada corporation with its principal place of business in Louisiana" and that the Individual Director Defendants reside in Louisiana or England. (ECF No. 1 at ¶¶ 7-17). The declaration of Defendant G. Darcy Klug states that RedHawk has not been based in California since November 2014, has not done business in California since November 2014, and conducts "almost all of its business in Louisiana, including the meetings of its shareholders and board of directors." (ECF No. 19-8 at ¶¶ 17-18). Plaintiff has not provided facts to establish that any events allegedly preventing the transfer of shares took place in this District. Plaintiff has not alleged sufficient facts or provided sufficient evidence to establish that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of California. The Court concludes that Plaintiff has failed to satisfy his burden to establish that venue is proper in the Southern District of California.

When a court determines that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Based on the record before the Court and the action pending between the parties in the Eastern District of Louisiana, it appears that venue may be proper in the Eastern District of Louisiana for this action. However, Plaintiff has not sought to have this action transferred in the event the Court concluded that venue was improper. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (affirming district court decision to dismiss an action for improper venue in part because the plaintiff "expressed no interest in transfer"). Further, Plaintiff asserts that he "has vigorously fought venue in Louisiana and thus there is no other forum where this dispute can be heard."[4] ECF No. 23 at 20; *see Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991) (concluding that it was not in the interests of justice to transfer an action to a district which the plaintiff sought to avoid). The Court concludes it is not in the interests of justice to transfer this action.

---

[4] In the Louisiana action, Schreiber filed a motion challenging venue and requesting transfer to the Southern District of California. (ECF No. 31).

Defendants' motion to dismiss for improper venue is granted. The Complaint is dismissed without prejudice for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

**IV. PRELIMINARY INJUNCTION (ECF No. 16)**

Plaintiff has additionally filed an application for a preliminary injunction pursuant to Rule 65(a).[5] Plaintiff requests a "preliminary injunction prohibiting RedHawk from further blocking Plaintiff's requested transfer of shares." (ECF No. 16-1 at 6). The Court has concluded that venue is not proper in the Southern District of California. The Court denies without prejudice Plaintiff's application for a preliminary injunction. (ECF No. 16).

**V. CONCLUSION**

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants is GRANTED. (ECF No. 19). The Complaint (ECF No. 1) is dismissed without prejudice. Any motion for leave to amend in this Court shall be filed pursuant to Civil Local Rule 7.1 and within thirty (30) days of the date of this Order. If no motion is filed within that time, the Clerk of Court shall close the case.

IT IS FURTHER ORDERED that the application for a preliminary injunction filed by Plaintiff is denied without prejudice. (ECF No. 16)

DATED: September 26, 2017

**WILLIAM Q. HAYES**
United States District Judge

---

[5] In the opposition to the application for a preliminary injunction, Defendants contend that the Court should defer consideration of the preliminary injunction application until after resolution of Defendants' pending motion to dismiss addressing "threshold issues of personal jurisdiction and venue." (ECF No. 20 at 5).